## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MIRANOWSKI, | 1:12-cv-01625-BAM (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND |
| v. | |
| M. STAINER, | [Doc. 1] |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

On October 2, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court.

### DISCUSSION

A.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th

Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.   Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, ––– U.S. ––––, 131 S.Ct. 770, 785, 178 L.Ed.2d 624 (2011), *citing* 28 U.S.C. § 2254(d)(1) *and* Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785, *citing* 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412. Therefore, a "specific" legal rule may not be inferred from Supreme Court precedent, merely because such rule might be logical given that precedent. Rather, the Supreme Court case itself must have "squarely" established that specific legal rule. Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009).  Moreover, the Supreme Court itself must have applied the specific legal rule to the "context" in which the Petitioner's claim falls. Premo v. Moore, ––– U.S. ––––, 131 S.Ct. 733, 737, 178 L.Ed.2d 649 (2011). Under § 2254(d)(1), review is limited to the record that was before the state court adjudicated the claim on the merits. Cullen

v. Pinholster, ––– U.S. –––, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). "A state court's determination that a claim lacks merits precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786.

C.    Challenge to Application of California Penal Code Section 2933.6

In the instant petition, Petitioner challenges the application of California Penal Code § 2933.6 by the California Department of Corrections and Rehabilitation ("CDCR") with respect to a gang validation imposed after his 2010 conviction as a violation of the Ex Post Facto Clause.[1] He further alleges the application of Cal. Penal Code § 2933.6 to his sentence violates the terms of his plea agreement.

On January 25, 2010, California Penal Code section 2933.6(a), regarding sentence reduction conduct credits, was amended to read:

> (a) Notwithstanding any other law, a person who is placed in a Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or an Administrative Segregation Unit for misconduct described in subdivision (b) or upon validation as a prison gang member or associate is ineligible to earn [sentence reduction conduct] credits pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or the Administrative Segregation Unit for that misconduct.

After a review of the petition and exhibits, the Court finds that Petitioner has failed to allege a cognizable challenge to Section 2933.6, as the only classification evidence he submits clearly indicates that as of September 14, 2010, Petitioner was *eligible* for Section 2933 credits- which flatly contracts his claim. (Pet. Ex. F, Committee Action Summary, dated September 14, 2010.)  There is no evidence or allegation made in the petition as to when or how Petitioner was re-validated as a member of the Mexican Mafia and subjected to the loss of credit earnings pursuant to Section 2933.6.  Without such critical information, the Court cannot analyze Petitioner's challenges to the application of Section 2933.6.  Accordingly, the Court will grant Petitioner the opportunity to submit an amended petition to correct the deficiency, if possible, in lieu of dismissal of the original petition.

---

[1] Petitioner reentered the custody of the California Department of Corrections and Rehabilitation on August 5, 2010.  Prior to his 2010 conviction, he was out of custody on parole.  Prior to his release on parole, he was validated as early as 2004 as an associate of the Mexican Mafia and before his parole was confined to segregated housing.

3

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED with leave to amend;

2. The Clerk of Court is directed to send Petitioner a blank § 2254 form petition;

3. Within thirty (30) days from the date of service of this order Petitioner shall file an amended petition. Petitioner is advised that Local Rule 220 requires that an amended petition be complete in itself without reference to any prior pleading. As a general rule, an amended pleading supersedes the original pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once petitioner files an amended petition, the original petition no longer serves any function in the case. Therefore, in an amended petition, as in an original petition, each claim must be sufficiently alleged; and

4. Petitioner is forewarned that the failure to comply with this order will result in dismissal of the action for failure to comply with a court order. Local Rule 110.

IT IS SO ORDERED.

Dated: __November 7, 2012__      _____/s/ Barbara A. McAuliffe_____
                                                UNITED STATES MAGISTRATE JUDGE